**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 10-1602**

―――――――――

PETER N. AKAOMA,

       Plaintiff – Appellant,

   v.

SUPERSHUTTLE INTERNATIONAL CORPORATION; WASHINGTON SHUTTLE,
INCORPORATED; DOUG CLARKE, General Manager - Supershuttle,

       Defendants – Appellees,

   and

KAVARD MOORE, JR.,

       Defendant.

―――――――――

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:04-cv-01464-GBL-BRP)

―――――――――

Submitted:  June 1, 2011         Decided:  June 22, 2011

―――――――――

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

John Hopkins, LAW OFFICE OF JOHN HOPKINS, Washington, D.C., for
Appellant.  Ralph E. Kipp, THE LAW OFFICES OF RALPH E. KIPP,
P.L.C., Fairfax, Virginia, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter N. Akaoma appeals the district court's oral ruling on April 23, 2010, and subsequent judgment granting Defendants' motion to confirm the arbitration award and denying his motion to vacate that award. The arbitrator concluded that the arbitration proceedings were binding, rejected all of Akaoma's claims, except one tort claim, awarded Defendants attorney's fees, and ordered Akaoma to return to Washington Shuttle, Inc., the van he used as an airport shuttle driver. On appeal, Akaoma raises nine claims, only one of which is properly before us.[*] We affirm.

Akaoma challenges the determination that the arbitration proceedings are binding. We review de novo a district court's decision to confirm an arbitration award and review for clear error the court's factual findings. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995). However, "judicial review of arbitration awards is . . . 'among

---

[*] Claims designated A-C and E-I in Akaoma's brief are not properly before us because Akaoma failed to present them to the district court. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (noting that issues raised for first time on appeal generally are not considered absent exceptional circumstances, not present here). To the extent Akaoma also urges us to reevaluate the validity of the Federal Arbitration Act, we decline to do so. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 112 (2001) (noting that Act repeatedly has been held constitutional).

the narrowest known to the law.'" U.S. Postal Serv. v. Am. Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000) (quoting Union Pac. R.R. v. Sheehan, 439 U.S. 89, 91 (1978)). A court "must determine only whether the arbitrator did his job — not whether he did it well, correctly, or reasonably, but simply whether he did it." Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union, 76 F.3d 606, 608 (4th Cir. 1996).

Akaoma asserts that the district court erred by confirming the arbitrator's award because the arbitration clause neglected to include the word "binding." To the extent that this claim may be construed as alleging a common law ground for vacatur of the arbitration award, see Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC, 519 F.3d 200, 207 (4th Cir. 2008) (setting forth statutory and common law grounds for vacatur), we conclude that the claim fails. Federal law strongly favors arbitration and interprets arbitration provisions under ordinary contract principles. AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745-46 (2011) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The arbitration clause in the franchise agreement provided that "any controversy arising out of this [a]greement shall be submitted to the American Arbitration Association . . . for arbitration in accordance with its commercial rules and procedures." (J.A. 195). We previously have found that similar references to such

4

rules are sufficient to show that the parties to an arbitration agreement intended the arbitrator's decision to be binding. Qorvis Commc'ns, LLC v. Wilson, 549 F.3d 303, 308 (4th Cir. 2008). Thus, Akaoma is not entitled to relief on this claim.

Accordingly, we affirm the district court's judgment. Akaoma v. SuperShuttle Int'l Corp., No. 1:04-cv-01464-GBL-BRP (E.D. Va. filed Apr. 28, 2010 & entered Apr. 29, 2010). We deny Akaoma's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED